UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

QUINCY DEMERY,

    Plaintiff,

v.                                                Case No. 19-10196
                                                  Honorable Thomas L. Ludington

NEXTEER AUTOMOTIVE CORP.,

    Defendant.

_____/

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT**

On January 21, 2019, Plaintiff, Quincy Demery, filed a complaint against Defendant, Nexteer Automotive Corporation, alleging race discrimination, retaliation, and violations of FMLA and Michigan's Whistleblowers Protection Act. ECF No. 1 at PageID.7-16. On November 25, 2019, Plaintiff's former counsel, Julie Gafkay, filed a motion to withdraw. ECF No. 16. Ms. Gafkay cited a breakdown of the attorney-client relationship due to "Plaintiff's insistence on pursuing an objective that Petitioner considers imprudent," "the representation will result in an unreasonable financial burden on Petitioner," and "other good cause." *Id.* at PageID.104. A hearing was held on December 19, 2019 with defense counsel, Ms. Gafkay, and Plaintiff present. Good cause was shown by Ms. Gafkay and her motion to withdraw was granted. ECF No. 19.

On February 4, 2020, Defendant timely filed a motion for summary judgment. ECF No. 21. Plaintiff did not file a response. Even with the difficulties surrounding COVID-19, Plaintiff's response was due February 25, 2020, two weeks before Michigan announced its first case, nearly a month prior to Governor Whitmer's issuance of the Stay at Home Order.

## I.

A motion for summary judgment should be granted if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the initial burden of identifying where to look in the record for evidence "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the opposing party who must set out specific facts showing "a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (citation omitted). The Court must view the evidence and draw all reasonable inferences in favor of the non-movant and determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251–52.

The Sixth Circuit has held that "where a motion for summary judgment is unopposed, a district court must review carefully the portions of the record submitted by the moving party to determine whether a genuine dispute of material fact exists." *FTC v. EMA Nationwide, Inc.*, 767 F.3d 611, 630 (6th Cir. 2014). However, it has also held that

> Neither the trial nor appellate court, however, will *sua sponte* comb the record from the partisan perspective of an advocate for the non-moving party. Rather, in the reasoned exercise of its judgment the court may rely on the moving party's unrebutted recitation of the evidence, or pertinent portions thereof, in reaching a conclusion that certain evidence and inferences from evidence demonstrate facts which are 'uncontroverted.'
> *Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 410 (6th Cir. 1992).

## II.

During the hearing regarding Ms. Gafkay's request to withdraw as counsel, this Court explained that Plaintiff's options after Ms. Gafkay withdrew were "to try to locate additional counsel, new counsel, or to represent yourself." ECF No. 20 at PageID.123. Plaintiff was given 14

days to find new counsel. *Id.* The Court took notice of Plaintiff's address "where [he] can receive mail and paper related to the case." *Id.* The Court also explained that "the scheduling order ha[s] been in place since September, and I don't intend to move or change those unless and until I have motion practice in front of me explaining, either by Mr. Demery or new counsel, why we should move those dates, otherwise the existing scheduling order remains in place." *Id.* at PageID.124. Ms. Gafkay also informed the Court that Plaintiff's file would be ready later that day for him to pick up from her office. *Id.* at PageID.125. The motion for summary judgment was mailed and e-mailed to Plaintiff. ECF No. 21 at PageID.160. Plaintiff had sufficient notice to respond to the motion for summary judgment.

Defendant argues in its motion that Plaintiff failed to wear personal protective gear, refused to follow supervisory directives to clean his work area, and routinely had multiple attendance violations on his record. ECF No. 21. He also received multiple warnings as part of Nexteer's progressive disciplinary program. ECF No. 21 at PageID.141-146. Plaintiff also admits that he secretly recorded during work hours, which Defendant explains violates Nexteer policy. Defendant has successfully shown that there is no genuine issue of material fact regarding Plaintiff's whistleblower, race discrimination, or FMLA claims. Accordingly, Defendant's motion for summary judgment will be granted.

Accordingly, it is **ORDERED** Defendant Nexteer's Motion for Summary Judgment, ECF No. 21, is **GRANTED**.

It is further **ORDERED** that Plaintiff's Complaint, ECF No. 1, is **DISMISSED** with prejudice.

Dated: April 22, 2020                                     s/Thomas L. Ludington
                                                          THOMAS L. LUDINGTON
                                                          United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and to **Quincy Demery,** 2607 Lowell, Saginaw, MI 48601 by first class U.S. mail on April 22, 2020.

                                      s/Kelly Winslow
                                      KELLY WINSLOW, Case Manager